**In re MILFORD GROUP, INC., Debtor.**

**MILFORD GROUP, INC., Gerald E. Swendsen, Melvin C. Swendsen, Dorsan, Inc. and Three Lanes Utility, Inc., Plaintiffs,**

v.

**NORTHEASTERN BANK OF PENNSYLVANIA, Lester Lieberman, Ralph Miller, Richard Miller, Samall Associates, Inc., John "Duke" Schneider, ILM Corporation and Richard Snyder, Defendants.**

Bankruptcy No. 5–91–00024.

Adv. Nos. 5–91–0037, 5–92–0041.

United States Bankruptcy Court, M.D. Pennsylvania, Wilkes–Barre Division.

July 15, 1993.

894

Joseph Solfanelli, Scranton, PA, and Lee C. Krause, Honesdale, PA, for Milford Group, Inc., debtor/plaintiff.

Helen Davis Chaitman, Somerset, NJ, for Milford Group, Inc., Gerald E. Swendsen, Melvin C. Swendsen, Dorsan, Inc. and Three Lanes Utility Inc., plaintiffs.

George Clark, Scranton, PA, Trustee for Milford Group, Inc., debtor.

William Slaughter, Philadelphia, PA, Michael Donohue, Scranton, PA, and Edward Swichar, Philadelphia, PA, for Northeastern Bank of PA, defendant.

Stephen Bresset, Honesdale, PA, and Howard Rothenberg, Scranton, PA, for Lester Lieberman, Ralph Miller, Richard Miller and ILM Corp., defendants.

Robert N. Opel, Kingston, PA, John J. Schneider, Milford, PA, and Ellen McDowell, Philadelphia, PA, for Samall Associates, Inc., defendant.

Matthew D'Annunzio, Philadelphia, PA, for Samall Associates Inc. and Richard Snyder, defendants.

Charles Kannebecker, Port Jervis, NY, for John "Duke" Schneider, defendant.

Edward Monsky, Scranton, PA, for John "Duke" Schneider (Weinstein & Schneider), defendant.

## OPINION AND ORDER

JOHN J. THOMAS, Bankruptcy Judge.

Before the Court are various Motions filed by the above-captioned parties, namely, a Motion to Dismiss for Lack of Jurisdiction and for Failure to State the Claim upon which Relief can be Granted and, in the alternative, a Motion for a More Specific Pleading and Plaintiffs' Motion to Dismiss Complaint under Rule 41 of the Federal Rules of Civil Procedure. This matter was commenced by Complaint of the Debtor, Milford Group, Inc., (hereinafter "Debtor"), and the other-named Plaintiffs, Gerald E. Swendsen, Melvin C. Swendsen, Dorsan, Inc. and Three Lanes Utility, Inc., all of which are non-debtors in this bankruptcy. The basis of the Complaint is a breach of contract action against various Defendants with additional requests to avoid personal guarantees of the individual Plaintiffs to the Northeastern Bank of Pennsylvania (hereinafter "Bank") and to equitably subordinate claims. The Bank filed an answer and cross-claim. The other Defendants responded by filing a Motion to Dismiss for Lack of Jurisdiction and for Failure to State a Claim upon which Relief can be Granted and, in the alternative, a Motion for a More Specific Pleading.

Before proceeding to resolution of Defendants' Motion to Dismiss, the Court will address a subsequent Motion to Dismiss filed by the Plaintiffs under Federal Rule of Civil Procedure 41(a)(1) and (2). This Motion was objected to by all of the Defendants. Plaintiffs assert that they filed their Notice of Dismissal before service by the adverse parties of an answer or Motion for Summary Judgment. As regards Northeastern Bank,

however, the Plaintiffs argue that because the Bank had earlier indicated a willingness to enter into a Stipulation of Dismissal under Rule 41(a)(1)(ii) that the Court should utilize the discretion granted to it under Rule 41(a)(2) and dismiss the case without prejudice. Rule 41(a)(1) provides as follows:

> Subject to the provisions of Rule 23(e), of Rule 66, and of any statute of the United States, an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim.

We also look to Rule 12(b)(6) which, in pertinent part, provides that:

> ... If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Such is the case as presented in the instant pleadings. Matters outside the original pleadings were requested by the Defendants to be considered by this Court in support of their Motion thus converting the Rule 12(b)(6) Motion into one for Summary Judgment. Plaintiffs also filed their own Motion for Partial Judgment on Count VI of the Amended Complaint and in furtherance of the opposition to Defendants' Motion to Dismiss, also requested this Court to consider matters outside the pleadings. (*See Affidavit and Exhibits attached thereto filed on October 21, 1992 in support of the Motion for Partial Judgment and in opposition to Motions to Dismiss.*) The Court finds the requirements of Rule 41(a)(1) have not been met. No compelling reason was advanced to support a dismissal under Rule 41(a)(2). Consequently, Plaintiffs' Motion to Dismiss is hereby **DENIED.**

Defendants' Motion to Dismiss alleges, inter alia: that the Plaintiffs, Gerald and Melvin Swendsen, are not Debtors in this bankruptcy case and that their allegations and averments do not implicate either the Debtor or the Debtor's estate; the allegations are not core proceedings and this Court lacks jurisdiction as to those claims raised by the individual Plaintiffs; that Defendants, Lester Lieberman, Ralph Miller, Richard Miller and ILM Corporation, do not consent to entry of final orders or judgment by this Bankruptcy Court; that the Complaint fails to state a claim upon which relief can be granted and that the individual Plaintiffs lack standing to bring the adversarial proceeding as a result of a certain assignment of their rights under an executory contract; that this Court must mandatorily and/or permissively abstain from hearing this matter; and that the Plaintiffs' request for jury trial must also be stricken as improper.

The argument raised by the Defendants' concerning this Court's jurisdiction over the subject matter, request this Court to visit the issue of core versus non-core matters and contend that the controversy in question is related to the bankruptcy only tangentially and has little or no impact on the administration of the case. Furthermore, Defendants argue that the claims of the non-debtor parties, in particular, the Swendsens, are not related in any way to this bankruptcy case. Therefore, under the Third Circuit case of *Pacor, Inc. v. Higgins*, 743 F.2d 984 (3rd Cir.1984), this Court does not have jurisdiction of the causes of action as contemplated by 28 U.S.C. § 1334.

The Plaintiffs' response to these arguments presents a somewhat limited and narrow view of the factual and legal arguments raised by the Complaint. In other words, the Plaintiffs seem to pick and choose those portions of the Complaint which appear on their face to create core jurisdiction in this

Court. In particular, Plaintiffs emphasize the causes of actions against Defendant, Samall Associates, Inc., and the equitable subordination claim under 11 U.S.C. § 510(c), to establish core jurisdiction. Additionally, Plaintiffs indicate that in the alternative to the equitable subordination of Samall's claim, its mortgage should be avoided in its entirety. This argument does not address, however, the other approximately seven (7) claims of the Complaint. Furthermore, the Plaintiffs' brief supplies the Court with many quotes and citations to case law concerning whether a Bankruptcy Court can exercise core jurisdiction in actions involving nondebtors. Other than indicating that one of the Plaintiffs is the Debtor's largest unsecured creditor and that the Swendsens are shareholders of the Debtor, no other support or compelling argument to make a finding of core jurisdiction over these parties is submitted by the Plaintiffs.

■ There is certainly no dearth of case law on the jurisdictional limitations imposed on the Bankruptcy Courts. The Third Circuit in the case of *Beard v. Braunstein,* 914 F.2d 434 (3rd Cir.1990) provides a definition of core proceeding citing language from *Matter of Wood,* 825 F.2d 90 (5th Cir.1987), which held that "a proceeding is core under Section 147 if it invokes a substantive right provided by Title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case."

■ As to actions which are non-core but nevertheless "related to", the leading case of *Pacor v. Higgins,* 743 F.2d 984, 994 (3rd Cir.1984) provides the following language:

The usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether *the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy. E.g., In re Hall,* 30 B.R. [799] at 802 [ (M.D.Tenn.1983) ]; *In re General Oil Distributors, Inc.,* 21 B.R. 888, 892 n. 13 (Bankr.E.D.N.Y.1982); *In re U.S. Air Duct Corp.,* 8 B.R. 848, 851 (Bankr.N.D.N.Y.1981); 1 *Collier on Bankruptcy* ¶ 3.01 at 3–49. Thus, the proceeding need not necessarily be against the debtor or against the debtor's property.

An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.

On the other hand, the mere fact that there may be common issues of fact between a civil proceeding and a controversy involving the bankruptcy estate does not bring the matter within the scope of section 1471(b). Judicial economy itself does not justify federal jurisdiction. *See generally Aldinger v. Howard,* 427 U.S. 1, 15, 96 S.Ct. 2413, 2420, 49 L.Ed.2d 276 (1976). "[J]urisdiction over nonbankruptcy controversies with third parties who are otherwise strangers to the civil proceeding and to the parent bankruptcy does not exist." *In re Haug,* 19 B.R. 223, 224–25 (Bankr. D.Ore.1982); *See also In re McConaghy,* 15 B.R. 480, 481 (Bankr.E.D.Va.1981) (Bankruptcy court lacks jurisdiction to decide disputes between third parties in which the estate of the debtor has no interest).

■ Further, on page 994, the *Pacor* Court writes "The jurisdiction of the bankruptcy courts to hear cases related to bankruptcy is not without limit, however, and there is a statutory, and eventually constitutional, limitation to the power of a bankruptcy court. For subject matter jurisdiction to exist, therefore, there must be some nexus between the 'related' civil proceeding and the title 11 case." The concept of "related to" jurisdiction is narrower than pendent jurisdiction. See *In re Carbiz, Ltd. d/b/a All–Star Imports,* Slip Op., 1993 WL 643361, Judge Woodside, M.D.Pa., January 15, 1993, *citing In re Bobroff,* 766 F.2d 797, 802 (3rd Cir.1985). Judge Woodside further instructs that "as used in the test to determine 'related to' jurisdiction, the term 'conceivably' is a 'term of art,' which 'must be tempered by a measure of reasonableness' ". Citing *Grant Paper Co. v. Communicraft, Inc. (In re Citywide Press, Inc.),* 107 B.R. 68, 70 (Bankr. E.D.Pa.1989) quoting *In re Chargit, Inc.,* 81 B.R. 243, 247 (Bankr.S.D.N.Y.1987).

■ Additionally, Bankruptcy Courts can exercise jurisdiction over non-debtors and third parties. *See In re Opti–Gage, Inc.,* 128 B.R. 189 (Bankr.S.D.Ohio 1991); *In re Carver,* 144 B.R. 643 (S.D.N.Y.1992).

With this guidance, the Court now turns its attention to an analysis of the claims in the Amended Complaint. There are approximately nine (9) separate Plaintiffs' claims and prayers for relief. Claims numbers 1, 2, 5 and 8 are based upon allegations of pre-petition breaches of contract, conspiracy and interference with contractual relations, all of which are traditional actions at common law and there is no federal rule of decision that would resolve these issues because they arise entirely under state law. *See Northern Pipeline Construction Co. v. Marathon Pipeline Co.,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), *and Beard v. Braunstein,* 914 F.2d 434 (3rd Cir.1990).

■ On Claim number 3 to the extent that it deals with the Swendsens and Three Lane Utility, the Court determines that these are non-core, non-related claims in which the Court was provided absolutely no discussion or reasoning as to how the outcome of the litigation on behalf of the Swendsens and Three Lane Utility would have an effect on the Debtor's estate. Consequently, the Court has no jurisdiction over that claim. *See Diaconx Corp. v. Hamilton Bank,* 65 B.R. 139 (E.D.Pa.1986).

As to claim number 3 as far as it concerns the Debtor's claim against the Bank and claims numbers 4, 6, 7 and 9, the Court finds that these claims are definitely related and further finds that claims numbers 3, 4, 6, 7 and 9 are core matters either arising in or under the United States Bankruptcy Code. The Court has jurisdiction to hear those claims.

Having jurisdiction of the claims and exercising that jurisdiction are two different matters. As indicated earlier, the main action is based upon a state law breach of contract claim and all other claims are actually subclaims arising from that breach of contract. This Court has original, but not exclusive, jurisdiction of all of the claims. A state court has concurrent jurisdiction to hear and make a determination on these claims. As cited

above at *pages 895–96* in the *Pacor* decision, the fact that the Court is presented with some common issues between a civil proceeding and a controversy involving the bankruptcy estate does not bring the matter within the scope of Section 1334(b).

■ The Court now turns its attention to the abstention request. The abstention provisions are found in 28 U.S.C. § 1334(c)(1) and (2). Under Section 1334(c)(2) are the requirements for mandatory abstention and those requirements are as follows:

(1) a timely motion is made; (2) the proceeding is based upon a state law cause of action; (3) the proceeding is related to a case under Title 11; (4) the proceeding does not arise under Title 11; (5) the action could not have been commenced in a federal court absent jurisdiction under 28 U.S.C. § 1334; and (6) an action is commenced, and can be timely adjudicated, in a state forum of appropriate jurisdiction. *In re Futura Industries, Inc.,* 69 B.R. 831, 834 (Bkrtcy.E.D.Pa.1987) at p. 834 citing *In re Arnold Print Works,* 54 B.R. 562, 569 (Bankr.D.Mass.1985); *accord, Matter of Boughton,* 60 B.R. 373 (N.D.Ill.1986); *In re Counts,* 54 B.R. 730 (Bankr.D.Colo. 1985).

This Court has determined that some of the claims within the proceeding do arise under Title 11 and are therefore core matters. Consequently, the Court finds that the request for mandatory abstention must be denied.

■ But like the *In re Futura Industries, Inc.* Court, *supra,* this Court also reluctantly agrees to permissively abstain for the following reasons. The *In re Futura Industries, Inc.* Court directs that when most of the criteria for mandatory abstention has been met careful consideration should be given as to whether the court should exercise its permissive discretion and abstain under Section 1334(c)(1). See *In re Futura Industries, Inc., supra,* at p. 834, citing *In re Illinois–California Express, Inc.,* 50 B.R. 232, 241 (Bankr.D.Colo.1985).

28 U.S.C. § 1334(c)(1) provides the following:

Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

 This Court is well aware that the use of discretionary or permissive abstention under that section is an extraordinary remedy and not readily utilized by Bankruptcy Courts. *See In re West Coast Video Enterprises, Inc.,* 145 B.R. 484 (E.D.Pa.1992). (Citations omitted.) In the case of *In re Tucson Estates, Inc.,* 912 F.2d 1162 (9th Cir.1990), the Court, citing the case of *In re Republic Reader's Serv., Inc.,* 81 B.R. 422, 429 (Bankr. S.D.Tx.1987), lists the following factors a Court should consider when deciding to abstain under Section 1334(c)(1).

(1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable law, (4) the presence of a related proceeding commenced in state court or other nonbankruptcy court, (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than form of an asserted "core" proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden of [the bankruptcy court's] docket, (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to a jury trial, and (12) the presence in the proceeding of non-debtor parties.

This present Chapter Seven case is in the midst of a property liquidation by the Trustee and this Court cannot envision that abstaining to state court for resolution of this matter would in any way impede or slow down the administration of this case. Possibly, a decision will be made by the state court which may have an effect on any future distribution of funds to the creditors but this neither affects the administration of the case nor causes this Court hesitation to abstain to the state court for decisions which could effect distribution. The Court has determined that state law issues predominate over bankruptcy issues and for those bankruptcy issues raised in this litigation, the state court has concurrent jurisdiction to render decisions. This issue directly relates to number (7) listed above concerning the substance rather than the form of the asserted core proceeding. As indicated, the proceeding itself is non-core in that the basis is a prepetition breach of contract action which through a complex presentation of facts and claims brings in certain matters that are considered core under the bankruptcy jurisdiction. These core matters are not enough to tip the balance of the scales to compel this Court to retain jurisdiction over this proceeding. Number (6) above concerns the degree of relatedness or remoteness of the proceeding to the main bankruptcy case. If this case was in a Chapter Eleven then perhaps this Court's decision would be different. What the Court does have before it is a Chapter Seven Trustee liquidating assets and a previously filed contract action with dubious relationship to the administration of the case. This Court, also in the name of judicial economy, and because of the protracted complex litigation, does not see that it would be feasible at all to sever the state law claims from the core matters presented in this case. While the Court can retain jurisdiction over non-debtor parties, it cannot do so if the Court does not have subject matter jurisdiction. *See In re Futura Industries, Inc., supra,* at pp. 835–36.

While there has been little provided by either side concerning the timely adjudication of the pending state court action, this Court has determined that adjudication in the state court will not impede the administration of this case and therefore, timeliness is not an issue compelling this Court to retain jurisdiction.

Consequently, Defendants' Motion for Abstention under Section 1334(c)(1) is hereby **GRANTED.** It is further **ORDERED** that

all other requests for relief in the Defendants' Motion to Dismiss are **DENIED.** There are also related objections to Interrogatories, Motions to Deem Requests for Admissions Admitted, Motion to Compel Answer to Interrogatories, an Objection to Production of Documents and a Motion for a Protective Order. Based upon the above ruling to abstain from hearing this proceeding, the Court will **DISMISS** those related Motions and Objections. The same ruling and decision applies to the cross-claims of Northeastern Bank.

Finally, the Court notes that on October 5, 1992, Plaintiffs filed a Motion to Determine the Extent and Validity of Defendant Samall's Lien. The Complaint also requests a determination that Samall's lien be avoided. The operative facts for the Motion are the same as those presented in the Complaint to which this Court has abstained. Consequently, this Court will not render a decision on that Motion at this time and will hold it in abeyance until after a determination of the underlying Complaint in state court.

Consequently, based upon the foregoing, the Court hereby **DENIES** the Motion to Dismiss under Rule 41 filed by the Plaintiffs and, further, **DENIES** the Motion to Dismiss filed by the Defendants, except for that portion requesting a permissive abstention to state court of the underlying Complaint. Furthermore, all other pending Motions such as discovery in relation to the underlying Adversary Complaint are rendered **MOOT** and **DISMISSED** without prejudice.