**SUDANTO, INC., TOM TAYLOR, DANE PERRY, and SUSAN MURPHY, Plaintiffs**

**v.**

**LYDIA RICHARDSON LATIFF RICARDO and HELEN RUMBERG CALO, Defendants**

Civ. No. 1997-234

Div. of St. Thomas and St. John

March 4, 1999

James M. Derr, Esq., St. Thomas, U.S.V.I., *for plaintiffs*

Karin A. Bentz, Esq., St. Thomas, U.S.V.I., *for defendants*

MOORE, *Chief Judge*

### OPINION: MEMORANDUM

This matter remains before the Court on motions to quash writ of attachment and vacate judgment filed by Tom Taylor, Dane Perry, and Susan Murphy ["the individual plaintiffs"]. For the reasons set forth below, the Court will grant the first motion and deny the second.

In August, 1995, Sudanto, Inc. ["Sudanto" or "the corporate plaintiff"] and the individual plaintiffs brought this action in Territorial Court to rescind a lease that they executed and guaranteed in favor of the defendants, Lydia Richardson Latiff Ricardo and Helen Rumberg Calo. The complaint alleged as grounds for rescission that they assumed this lease in purchasing a business from the former lessor, who misrepresented the profitability of his business on the defendants' property. In response, the defendants counterclaimed for unpaid rent.

On the morning of trial, December 15, 1997, Sudanto filed for bankruptcy. The trial judge granted summary judgment for the defendants against the individual plaintiffs and stayed all proceedings involving Sudanto based on the automatic stay imposed by federal bankruptcy law. The Territorial Court ruled against the individual plaintiffs from the bench. Although the court's written judgment recites that it was entered on December 15th, the Order does not indicate the time of day that the written judgment was entered on the Court's dockets. The record shows only that the plaintiffs removed this matter to District Court sometime during that day.[1] The defendants obtained a writ of execution on their judgment from the Territorial Court nearly a month later, on January 13, 1998.

## DISCUSSION

■ The individual plaintiffs' motion to quash is premised on the argument that the Territorial Court lacked subject matter jurisdiction over their claims when it entered judgment against them or granted a writ of attachment to the defendants because the case had been removed to the District Court. *See Virgin Islands Hous. Auth. v. Coastal Gen. Constr. Servs. Corp.*, 30 V.I. 417, 27 F.3d 911 (3d Cir. 1994) (observing that removal divests local court of jurisdiction until remand). Removal does not become effective, however, until the removing party "give[s] written notice thereof

---

[1] Under the Court's standing Order of Reference, the motions in this case should have been referred to the bankruptcy judge for decision as part of the Sudanto bankruptcy proceedings.

to all adverse parties and . . . file[s] a copy of the notice with the clerk" of the original court. *See* 28 U.S.C. § 1446(d). Since the individual plaintiffs have not established the precise time that they notified the Territorial Court of the removal on December 15th, the Court cannot conclude that the trial judge lacked jurisdiction to enter written judgment against them on that day. The trial judge clearly could not grant the defendants' application for a writ to enforce that judgment on January 13, 1998, however, because the case had been removed to District Court by that date. *See* 14C CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3737 ("any further proceedings in the state court are considered coram non judice and will be vacated . . . even if the removal subsequently is found to have been improper"). The Court will thus quash the writ of attachment.

■ Upon review of the record in this case, it appears that individual plaintiffs Tom Taylor, Dane Perry, and Susan Murphy were entitled to remove their claims to federal court. After Sudanto filed for bankruptcy, the plaintiffs removed this case as a bankruptcy-related proceeding under 28 U.S.C. § 1452(a), which applies in the Virgin Islands under section 22 of the Revised Organic Act.[2] The removal provision states:

> A party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a). This statute refers to Section 1334 of Title 28, United States Code, which states that "district courts shall have . . . jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." *See id.* § 1334. Plainly, the individual plaintiffs' plea for recision is not a "core" bankruptcy claim "arising in" a title 11 bankruptcy case. *See Beard v. Braunstein,* 914 F.2d 434, 444 (3d Cir. 1990) (holding that "core"

---

[2] The complete Revised Organic Act of 1954 is found at 48 U.S.C. §§ 1541-1645 (1994), reprinted in V.I. CODE ANN., Historical Documents, Organic Acts, and U.S. Constitution at 73-177 (1995 & Supp. 1998) (preceding Title One of Virgin Islands Code).

proceedings invoke substantive rights provided by federal bankruptcy law or otherwise "arise only in the context of a bankruptcy case"). This Court nevertheless has subject matter over the individual plaintiffs' claims because their claims in the removed case are "related to" Sudanto's bankruptcy case.

"The usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of that proceeding could conceivably have any affect on the estate being administered in bankruptcy." *In re PACOR, Inc.*, 743 F.2d 984, 994 (3d Cir. 1984). Sudanto's liability could depend on the outcome of the dispute between the defendants and the individual plaintiffs. For example, if the individual plaintiffs fail to satisfy the judgment against them,[3] the defendants might look to Sudanto for the deficiency. *See Celotex Corp. v. Edwards*, 514 U.S. 300, 131 L. Ed. 2d 403, 115 S. Ct. 1493 (1995) (finding that judgment creditors' motion to execute upon bond given to insurer by debtor was "related to" bankruptcy); *See also In re Guild and Gallery Plus, Inc.*, 72 F.3d 1171, 1181 (3d Cir. 1996) ("Bankruptcy jurisdiction will exist so long as it is possible that a proceeding may impact on the debtor's rights, liabilities, options, or freedom of action or the handling and administration of the bankrupt estate.") (citation omitted). Following these precedents, the Court finds that the individual plaintiffs' claims are related to Sudanto's bankruptcy case. Since the Court has subject matter jurisdiction in this case under 28 U.S.C. § 1334, removal was proper under 28 U.S.C. § 1452(a).

As one court has noted, however, "having jurisdiction of the claims and exercising that jurisdiction are two different matters." *In re Milford Group, Inc.*, 164 B.R. 892, 897 (Bankr. M.D. Pa. 1993). Even if the plaintiffs properly removed this matter to District Court, the Court may remand their claims "on any equitable ground." *See* 28 U.S.C. § 1452(b).

---

[3] The individual plaintiffs' obligation to the defendants is not contingent on Sudanto's liability because they separately agreed to pay rent "without respect to whether the [defendants] shall first proceed against [Sudanto]," even if the defendants waived their right to pursue payment from the corporation. (*See* Defs. Opp'n to Mot. to Vacate Judg't at 8.)

Equitable grounds for remand are present in this case. The individual plaintiffs cannot complain that the defendants cannot enforce their Territorial Court judgment against them merely because Sudanto has declared bankruptcy. Indeed, the individual plaintiffs' claims no longer existed at the time of removal because they already had been dismissed by the Territorial Court. Section 1452(a) of Title 28, United States Code states that "a party may remove any claim or cause of action in a civil action." *Id.* § 1452(a) (emphasis added). It does not provide that claims already resolved by the Territorial Court may be revived in federal court. Moreover, de novo review of the trial court's legal conclusions would unjustifiably delay satisfaction to the prevailing party.

■ This Court will exercise its discretion to deny the individual plaintiffs' request to vacate the Territorial Court's judgment against them. It should be emphasized that this Court's remand of the individual plaintiffs and the defendants' judgment against them is not based on any lack of federal bankruptcy jurisdiction over this matter. The Supremacy clause of the United States Constitution gives federal courts extensive and intrusive bankruptcy jurisdiction to enjoin the enforcement of judgments. *See, e.g., In re Barbara Proper*, Bankr. No. 197-00033 (D.V.I. Bankr. Div. filed July 6, 1998) (unpublished opinion) (noting that bankrupt has right to avoid lien based on Territorial Court judgment that impairs an exemption afforded by federal bankruptcy law). In this case, equity requires that the Court not exert its authority over the individual plaintiffs. The Court will refer Sudanto's claims against the defendants to the United States Bankruptcy Judge handling its bankruptcy.

ENTERED this 4th day of March, 1999.

## ORDER

After having carefully considered the parties' arguments and pleadings, and for the reasons identified by the Court in its Memorandum Opinion of even date, it is

ORDERED that Tom Taylor, Dane Perry, and Susan Murphy's ["the individual plaintiffs"] motion to vacate the Territorial Court's judgment is DENIED; and it is

ORDERED that the individual plaintiffs' motion to quash the writ of attachment issued by the Territorial Court pursuant to its judgment of December 15, 1997, is GRANTED; and it is

ORDERED that the defendants' judgment against the individual plaintiffs is REMANDED to Territorial Court. It is further

ORDERED that Sudanto, Inc.'s claim for recision against the defendants and the defendants' counterclaim against Sudanto, Inc. is REFERRED to the Honorable Joseph L. Cosetti, United States Bankruptcy Judge Sitting by Designation.

ENTERED this 4th day of March, 1999.