**NORTHSHORE REALTY, INC., and DAWN ELIZABETH PROSSER, Plaintiffs**
**v.**
**FIRSTBANK, Defendant**

Case Nos. SX-09-CV-135, SX-09-CV-383
Superior Court of the Virgin Islands
Division of St. Croix
August 18, 2014

BRADY, *Judge*

## MEMORANDUM OPINION

(August 18, 2014)

THIS MATTER is before the Court in these consolidated cases on the following matters:

**In SX-09-CV-135**: Defendant's Motion to Dismiss and Memorandum in Support ("Case 135 Motion"), filed April 7, 2009; Plaintiffs' Memorandum in Opposition to Defendant's Motion to Dismiss ("Case 135 Opposition"), filed May 5, 2009; Defendant's Reply to Opposition to Motion to Dismiss ("Case 135 Reply"), filed May 28, 2009; and

**In SX-09-CV-383**: Three categories: (1) Plaintiffs' Motion for Temporary Restraining Order, filed August 8, 2009, and Supplemental Motion for Temporary Restraining Order, filed August 28, 2009 (jointly "TRO Motion"); Defendant's Memorandum in Opposition to TRO Motion ("TRO Opposition"), filed August 27, 2009; Plaintiffs' Reply to Memorandum in Opposition to TRO Motion ("TRO Reply"), filed September 9, 2009; (2) Defendant's Motion to Dismiss and Memorandum in Support ("Case 383 Motion"), filed August 28, 2009; Plaintiffs' Memorandum in Opposition to Respondent's Motion to Dismiss ("Case 383 Opposition"), filed September 3, 2009; Defendant's Reply to Opposition to Motion to Dismiss ("Case 383 Reply"), filed October 13,

2009;[1] and (3) Defendant's Notice of Bankruptcy Court Orders and Supplement in Further Support of First Bank's Motion to Dismiss ("Notice"), filed April 4, 2013.

For the reasons that follow, Defendant's Motions to Dismiss will be granted and Plaintiffs' TRO Motion will be denied as moot.

## BACKGROUND

On March 17, 2009, Plaintiffs filed their Complaint (in SX-09-CV-135) against Defendant FirstBank alleging breach of contract, unlawfully depriving Plaintiffs of funds, negligent infliction of emotional distress, and reprehensible conduct entitling Plaintiffs to punitive damages. *See* Complaint, at 3-4.[2] Defendant argues that this Court lacks subject matter jurisdiction over the cases due to several ongoing bankruptcy proceedings involving Plaintiff NorthShore Realty, Inc., ("NorthShore"), Plaintiff Dawn Prosser ("Prosser"), Prosser's spouse Jeffrey Prosser, and Innovative Communication Corporation ("ICC").

On July 31, 2006, Jeffrey Prosser filed a Chapter 11 voluntary bankruptcy petition (*In re Prosser*, 3:06-bk-30009; converted by Order of October 3, 2009 to a Chapter 7 liquidation proceeding, with James P. Carroll appointed Chapter 7 Trustee) ("the Prosser Bankruptcy") in the Bankruptcy Division of the District Court of the Virgin Islands. *See Prosser v. Springel*, 2008 U.S. Dist. LEXIS 44655 (D.V.I. 2008) for a procedural history of the Prosser Bankruptcy. Jeffrey Prosser was an officer, director, and sole member of the parent company that controlled ICC.

On July 5, 2007, Greenlight Capital Qualified, LP et al. filed an involuntary Chapter 11 petition against ICC (*In re Innovative Communication Co.*, 3:07-bk-3012) ("the ICC Bankruptcy"). Stan Springel was appointed trustee for the ICC bankruptcy estate. In that action, Trustee Springel commenced an adversary proceeding against Prosser, Jeffrey Prosser and Prosser's adult children, seeking turnover of

---

[1] The same parties, through the same attorneys, filed almost identical documents in both cases. As such the distinction between the Case 135 Motion and the Case 383 Motion is not maintained throughout and, to the extent that the discussion relates to both cases, the Motions are referred to jointly as the "Motions to Dismiss."

[2] A substantively identical Complaint was filed by Plaintiffs in SX-09-CV-383 on August 24, 2009.

property of the bankruptcy estate. In that proceeding, the Bankruptcy Court entered a Temporary Restraining Order on October 29, 2007, which was converted into a Preliminary Injunction following an evidentiary hearing on December 11, 2007, enjoining, among other things, Prosser from "transferring certain property" from the bankruptcy estate. Prosser filed a Motion for Modification of Preliminary Injunction on December 28, 2007, requesting that the Bankruptcy Court release Plaintiff NorthShore from the turnover proceeding, which motion was denied by the Bankruptcy Court by order entered March 10, 2008.[3]

Prosser appealed the entry of the Preliminary Injunction relative to NorthShore, arguing that its property was not part of the Chapter 11 bankruptcy estate and claiming that her livelihood was endangered by the Preliminary Injunction. The District Court rejected these arguments on appeal and affirmed the Bankruptcy Court's Preliminary Injunction. *See Prosser v. Springel*, 2008 U.S. Dist. LEXIS 44655 (D.V.I. June 6, 2008).

The Bankruptcy Court and the District Court have issued several orders that are relevant to the present case: On May 26, 2010, the Bankruptcy Court awarded Trustee James Carroll $115,140 for pre- and post-petition fraudulent transfers by Jeffrey Prosser to NorthShore in *Carroll v. North Shore*, Adv. No. 08-3048, 2010 Bankr. LEXIS 1566. *See* Notice, at 2, Exhibit 1. NorthShore's appeal of that ruling to the District Court was dismissed for lack of prosecution. *See* Notice, at 2; *citing In re Prosser*, 2012 U.S. Dist. LEXIS 140891 (D.V.I. Sept. 28, 2012). On February 9, 2011, the Bankruptcy Court in that adversary proceeding held that "Jeffrey Prosser is an owner of North Shore" and ordered that his 50% interest in NorthShore must be turned over to Trustee Carroll. *See* Notice, at 3; *citing Springel v. Prosser (In re Prosser)*, 2011 Bankr. LEXIS 411 at *161 (Bankr. D.V.I. Feb 9, 2011).

In the ICC Bankruptcy, on October 11, 2012 the Bankruptcy Court entered default judgment in favor of Trustee Springel against NorthShore in the amount of $227,250. *See* Notice, at 3, Exhibit 4. On November 29, 2012, the Bankruptcy Court entered "Order Authorizing Disbursement of Funds Received from FirstBank Account to Trustee" relative to NorthShore's FirstBank account that is subject of these consolidated

---

[3] Copies of selected filings in the Bankruptcy Court and orders of the Court are included as exhibits to Defendant's Motions to Dismiss.

actions, which ordered that "this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order." *See* Notice, at 3, Exhibit 3.

Defendant argues that 28 U.S.C. § 1334(a) divests the Superior Court of subject matter jurisdiction over the instant case, giving the district court "exclusive jurisdiction. . . of all property. . . of the debtor. . . and of the estate." Defendant claims that this civil proceeding relates to the bankruptcy proceedings and "could conceivably have any effect on the estate being administered in bankruptcy." Case 135 Motion, at 8; *quoting Sudanto v. Richardson*, 40 V.I. 434, 437 (D.V.I. 1999).

Defendant further argues that, "given the Bankruptcy Court's past rulings. . . [i]f this case were to move forward, this Court would be forced to reexamine the Bankruptcy Court's orders and determine whether FirstBank acted appropriately in its handling of the funds in the North Shore bank account." Notice, at 4. Therefore, Defendant posits that the Bankruptcy Court and the District Court of the Virgin Islands, not the Superior Court, have exclusive jurisdiction over Plaintiffs' claim.[4]

Plaintiffs argue that "To date, there has been no factual determination made nor court ordered [sic] rendered which concludes that NorthShore Realty, Inc. is property of the Bankruptcy estate" and, therefore, jurisdiction does not lie solely with the District Court. Case 135 Opposition, at 6. Plaintiffs urge the Court to distinguish between core and non-core proceedings, arguing that non-core proceedings are appropriately adjudicated in state courts, applying state law. *Id.* at 5-6, *citing In re Exide Techs.*, 544 F.3d 196, 215 (3d Cir. 2008). Plaintiffs argue that ". . . the determination of the ownership of NorthShore is not a core proceeding in the Bankruptcy Court. The evidence irrefutably demonstrates that it belongs solely to Ms. Prosser the sole stockholder and has since 1999." Case 135 Opposition, at 8. Plaintiffs contend that FirstBank may release NorthShore's funds without violating the Bankruptcy Court's Preliminary Injunction.

---

[4] Defendant also argues that Plaintiff's Complaint should be dismissed for failure to state a claim for which relief can be granted under FED. R. CIV. P. 12(b)(6), as the Complaint lacks adequate factual pleadings to reach the *Twombly-Iqbal* plausibility standard. *See* Case 135 Motion, at 6. Plaintiffs have not responded to this argument. Since the Court can decide Defendant's Motions to Dismiss without review of the sufficiency of Plaintiffs' Complaint, Defendant's Rule 12(b)(6) arguments are not considered at this time.

## DISCUSSION

■ In reviewing a motion to dismiss for lack of subject matter jurisdiction, "no presumptive truthfulness attaches to plaintiffs allegations and the existence of disputed issues of material fact will not preclude the trial court from evaluating for itself the merits of the jurisdictional claims." *Mortensen v. First Federal Savings & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). The court is afforded the discretion of examining other "relevant evidence outside the pleadings to determine the existence of jurisdiction." *Ference v. V.I. Family Sports & Fitness Center, Inc.*, 45 V.I. 345, 350 (V.I. Super. Ct. 2004) (*citing Berardi v. Swanson Memorial Lodge No. 48 of Fraternal Order of Police*, 920 F.2d 198 (3d Cir.1990)). Additionally, the plaintiff bears the burden of persuasion when subject matter jurisdiction is challenged. *See Stafford v. Hess Oil Virgin Islands Corp., Inc.*, 1998 V.I. LEXIS 10 (Terr. Ct. May 12, 1998) (*citing Kehr Packages Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

■ Title 28 U.S.C. § 1334(a) states that "the district courts shall have original and exclusive jurisdiction of all cases under title 11." In a bankruptcy proceeding filed pursuant to Title 11 of the United States Code, the federal court has jurisdiction over a civil action if the result could have any effect on the estate being administered. *See Deitrich v. Wyndham Worldwide Corp.*, 2010 U.S. Dist. LEXIS 9343, *7 (D.V.I. February 3, 2010) (*citing Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1994)). Such proceedings are referred to as "core" proceedings that are legally distinguishable from non-core proceedings.[5] *Id.* "If the action does not involve property of the estate, then not only is it a noncore proceeding, it is an unrelated matter completely beyond the bankruptcy court's subject-matter jurisdiction." *In re Gallucci*, 931 F.2d 738, 742 (11th Cir. 1991).

On appeal, the District Court affirmed the Bankruptcy Court's determination that the adversarial turnover proceeding against Jeffrey Prosser, that included his ownership interest in NorthShore, initiated by ICC Bankruptcy Trustee Springel, later joined by Prosser Bankruptcy Trustee Carroll, was a core proceeding. *In re Prosser*, 2013 U.S. Dist. LEXIS 35311, *20 (D.V.I. March 14, 2013).

---

[5] "[M]atters concerning the administration of the estate" are specifically referred to as core proceedings. Title 28 U.S.C. § 157(b)(2)(A). "Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11." 28 U.S.C. § 157(b)(1).

Turnover actions necessarily involve a relatively "particularized area of the law" in which "Congress devised an 'expert and inexpensive method for dealing with a class of questions of fact....' " *Stern*, 131 S. Ct. at 2614 (quoting *Crowell v. Benson*, 285 U.S. 22, 46, 52 S. Ct. 285, 76 L. Ed. 598 (1932)). Although the questions presented in turnover actions do raise ancillary issues of state law, the ultimate inquiry is whether certain property ought to be in the possession of the bankruptcy estate. This is a specialized inquiry that is not presented to state courts in the ordinary course. *Id.* 2013 U.S. Dist. LEXIS 35311, at *19.

The District Court upheld the Bankruptcy Court's order awarding the Trustees, among other things, Jeffrey Prosser's one-half interest in Plaintiff NorthShore. *Id.* 2013 U.S. Dist. LEXIS 35311, at *3.[6]

■ The Court finds that the Bankruptcy Court and the District Court have exclusive subject matter jurisdiction over the instant action. Plaintiffs present issues for determination where "the result could have any effect on the estate being administered." *Deitrich*, 2010 U.S. Dist. LEXIS 9343, at *7.

Title 28 U.S.C. § 1334(a) confers district courts with original and exclusive jurisdiction over all cases under U.S. Code Title 11. In the context of the ongoing bankruptcy proceedings, both the Bankruptcy Court and the District Court have considered facts directly related to Plaintiffs' claims to property interests in the instant case and have issued rulings specifically upholding subject matter jurisdiction in the federal court. *In re Prosser*, 2013 U.S. Dist. LEXIS 35311, at *20.

■ If this Court were to assume jurisdiction over this case, orders of the Bankruptcy Court and the District Court, and FirstBank's compliance with said orders, would all be subject to review by the Superior Court. Although questions of local law may be implicated in bankruptcy turnover actions, "the ultimate inquiry is whether certain property ought to be in the possession of the bankruptcy estate. This is a specialized inquiry that is not presented to state courts in the ordinary course." *In re Prosser*, 2013 U.S. Dist. LEXIS 35311, at *19.

---

[6] Multiple variations on the name of Plaintiff NorthShore are used by the parties, the Bankruptcy Court and the District Court. Those variations, as well as the conflict between Prosser's claim that she is sole owner of NorthShore and the orders in bankruptcy determining a 50% ownership interest of Jeffrey Prosser, are beyond the scope of and not relevant to the determination here.

Additionally, and importantly, the Bankruptcy Court specifically retained jurisdiction over the property and assets at the heart of the instant case stating that "this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order." *See* Notice, at 3; Exhibit 3. This Court cannot wrest jurisdiction away from a federal court that continues to administer a bankruptcy estate.

■ "If the trial court lacks subject matter jurisdiction, the action must be dismissed. Any such dismissal should be without prejudice because a determination that subject matter jurisdiction is lacking does not constitute a decision on the merits of the case." *Dennie v. Government*, 55 V.I. 1237, 1246-47 (D.V.I. App. Div. 2011).

The Court concludes that it is without subject matter jurisdiction to adjudicate the instant consolidated actions and will dismiss both without prejudice.

Since the Court lacks subject matter jurisdiction over Plaintiffs' claims, Plaintiffs' TRO Motion in Case 383 will be denied as moot.

An appropriate Order will issue simultaneously herewith.