**JEFFREY J. PROSSER, Plaintiff**
**v.**
**DAVID MARSHALL NISSMAN, Defendant**

Case No. SX-09-CV-509
Superior Court of the Virgin Islands
Division of St. Croix
November 9, 2016

WILLOCKS, *Administrative Judge*

## MEMORANDUM OPINION

(November 9, 2016)

**THIS MATTER** is before the Court on Defendant David Marshall Nissman's (hereinafter "Nissman" or "Defendant") Motion to Dismiss Plaintiff's Complaint for Lack of Subject Matter Jurisdiction (hereinafter "Motion") filed on May 2, 2016. In opposition, on May 24, 2016, Plaintiff Jeffrey J. Prosser (hereinafter "Prosser" or "Plaintiff") filed a Response/Resistance to Nissman's Motion to Dismiss for Lack of Subject Matter Jurisdiction (hereinafter "Opposition").[1] Nissman filed a reply (hereinafter "Reply") on April 13, 2012 and a Renewed Motion to Dismiss In Lieu of Answer on April 22, 2014. For the reasons stated below, the Court will deny Nissman's Motion.

## FACTS AND PROCEDURAL HISTORY[2]

Prosser was the owner and manager of the Virgin Islands Telephone Company (hereinafter "VITELCO"), a wholly-owned subsidiary of Innovative Communication Corporation (hereinafter "ICC") from approximately December 1997 until October 7, 2007.[3] VITELCO, a public utility, was a local telephone provider in the Virgin Islands regulated by the Public Services Commission (hereinafter "PSC").[4] On November 5, 2008, Nissman was appointed by the PSC to be the hearing examiner in Docket No. 578 to conduct a rate investigation for the local

---

[1] On June 13, 2016 Prosser also filed a Universal Response/Resistance to the Defendant's Numerous and Duplicate Motions. In the accompanying memorandum, Prosser included responses to Nissman's Motion to Dismiss for Lack of Subject Matter Jurisdiction.

[2] *See Prosser v. Public Servs. Comm'n of the U.S.V.I.*, 56 V.I. 391, 394-400 (V.I. 2012) (giving a full chronological account of the factual and procedural history of Prosser and the PSC).

[3] Compl. ¶ 4.

[4] Compl. ¶ 5; *see* 30 V.I.C. § 1(a)(3).

telephone services charged by VITELCO.[5] The PSC voted to accept the recommendations in the Report published by Nissman.[6]

In the Report, Nissman allegedly made critical, disparaging and false statements about Prosser's prior management that allegedly placed him in a false light publicly.[7] On October 29, 2009, Prosser filed a Complaint alleging Defamation of Character (Count I), Libel (Count II), Intentional Infliction of Emotional Distress (Count III), Invasion of Privacy (Count IV), and Slander (Count V).

Prosser filed a Chapter 11 voluntary bankruptcy petition on July 31, 2006. The District Court converted the Chapter 11 petition into a Chapter 7 liquidation by Order entered October 3, 2009. *See Prosser v. Public Servs. Comm'n of the U.S.V.I.*, 56 V.I. 391, 407 (V.I. 2012) (comprehensive procedural history with respect to the bankruptcy proceedings). James P. Carroll (hereinafter "Carroll") was appointed the Chapter 7 trustee. The bankruptcy proceedings are currently ongoing in the Virgin Islands District Court at bankruptcy case number 06-30009(MFW). The issue before the Court is whether to dismiss the Complaint for lack of subject matter jurisdiction because of the ongoing bankruptcy proceeding.

## STANDARD OF REVIEW

■ Nissman moves to dismiss for lack of subject matter jurisdiction pursuant to Federal Rules of Civil Procedure 12(b)(1).[8] It is well established that subject matter jurisdiction can be raised at any time. *See Martinez v. Colombian Emeralds, Inc.*, 51 V.I. 174, 187 (V.I. 2009); *see also Mercer v. Bryan*, 53 V.I. 595, 601 (V.I. 2010).

■ Subject matter jurisdiction is a fundamental and nonwaivable requirement which must be fully considered by a court whenever a possible lack of jurisdiction is brought to its attention. *See Duvergee*,

---

[5] Compl. ¶ 7.

[6] Compl. ¶¶ 11, 12.

[7] Compl. ¶¶ 44, 49.

[8] A thorough review of local statutes and Supreme Court precedent reveals that Federal Rule of Civil Procedure 12(b)(1) governs motions to dismiss for lack of subject matter jurisdiction. *See Vanterpool v. Gov't of the Virgin Islands*, 63 V.I. 563, 576 (V.I. 2015). *See also Martinez v. Colombian Emeralds, Inc.*, 51 V.I. 174, 188 (V.I. 2009). Federal Rule of Civil Procedure 12(b)(1) applies in the Superior Court pursuant to Superior Court Rule 7.

*Inc. v. Gov't of the Virgin Islands*, 22 V.I. 56, 62 (V.I. Terr. Ct. 1986). "In reviewing a motion to dismiss for lack of subject matter jurisdiction, no presumptive truthfulness attaches to plaintiffs allegations and the existence of disputed issues of material fact will not preclude the trial court from evaluating for itself the merits of the jurisdictional claims." *See Northshore Realty, Inc. v. First Bank*, 62 V.I. 68, 73 (V.I. Super. Ct. 2014) (citation and internal quotation marks omitted). Under Rule 12(b)(1), the court is "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *See Martinez*, 51 V.I. at 189. "The plaintiff bears the burden of persuasion when subject matter jurisdiction is challenged." *See Northshore Realty, Inc.*, 62 V.I. at 73.

 Nissman also moves to dismiss for failure to join a necessary party pursuant to Federal Rule of Civil Procedure Rule 12(b)(7).[9] With regards to a Rule 12(b)(7) motion to dismiss, a party may move for dismissal if the plaintiff fails to join a necessary party under Rule 19(a). A party is considered "necessary" under Rule 19 if

(A) in [the party's] absence, the court cannot accord complete relief among existing parties; or

(B) [that party] claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may:

(i) as a practical matter impair or impede his ability to protect that interest or

(ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest.

If the Court determines that a party is necessary and that he cannot be joined, for dismissal to be granted the moving party must prove that the necessary party is also indispensable according to Rule 19(b) balancing factors. *See Francis v. Carmen*, 2016 V.I. LEXIS 160, at *3-4 (V.I. Super. Ct. Oct. 5, 2016).

## DISCUSSION

Nissman argues that this Court lacks subject matter jurisdiction because the bankruptcy court divested the Plaintiff of his ownership of

---

[9] No other procedure governs dismissal for failure to join a necessary party besides Federal Rules of Civil Procedure 12(b)(7) and 19. Federal Rule of Civil Procedure 12(b)(7) applies in the Superior Court pursuant to Superior Court Rule 7.

this alleged claim and as a result, Prosser has no standing to bring this claim as a matter of law. Motion at 3. Without citing any binding authority, Nissman also argues that the case should be dismissed because Prosser is judicially estopped from pursuing his claim, Plaintiff failed to exhaust his administrative remedies, and failed to failed to join the PSC as a "quasi-judicial body" as a necessary party. *Id.* at 12. Prosser contends that Nissman's arguments are without merit and that Nissman has no standing to raise whether or not the claim belongs in the chapter 7 bankruptcy estate.[10] Opp'n at 18.

## A. The Court has subject matter jurisdiction over Prosser's claim

■ Under Section 1334(b), the district court "shall have original but *not exclusive* jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11" (emphasis added). *See Deitrich v. Wyndham Worldwide Corp.*, 2010 U.S. Dist. LEXIS 9343, at *5 (D.V.I. Feb. 3, 2010); *see also* 28 U.S.C. § 1334(b). "In a bankruptcy proceeding filed pursuant to Title 11 of the United States Code, the federal court has jurisdiction over a civil action if the result could have any effect on the estate being administered." *See Northshore Realty, Inc. v. First Bank*, 62 V.I. 68, 73 (V.I. Super. Ct. 2014) (citations omitted). Such proceedings are referred to as "core" proceedings that are legally distinguishable from non-core proceedings. *Id. See also* 28 U.S.C. § 157. A core proceeding is an action "related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action . . . and which in any way impacts upon the handling and administration of the bankrupt estate." *Deitrich*, 2010 U.S. Dist. LEXIS 9343, at *8. If the action does not involve property of the estate, then not only is it a noncore proceeding, it is an unrelated matter completely beyond the bankruptcy court's subject-matter jurisdiction." *Northshore Realty, Inc.*, 62 V.I. at 73. Nissman suggests that this action is a core proceeding that divests this Court of subject matter jurisdiction. This Court does not agree.

■ Here, the crux of the issue is whether the outcome of this matter will impact the bankruptcy estate. This matter is a non-core proceeding.

---

[10] The Court notes that *pro se* Plaintiff Prosser did not cite any binding authority or cases to support his assertions. However, as a *pro se* litigant, Prosser is given greater leeway regarding matters of procedure and pleading. *See Appleton v. Harrigan*, 61 V.I. 262, 267 (V.I. 2014). See also *Joseph v. Bureau of Corr.*, 54 V.I. 644, 650 (V.I. 2011).

Prosser's claims do not fall within any of the core proceedings enumerated in Section 157. In addition, none of Prosser's claims relate to the bankruptcy proceeding. Prosser's claims are against Nissman in his individual capacity. Furthermore, Nissman is not a creditor of the bankruptcy estate; and the outcome of this case will not affect the handling and administration of the bankruptcy estate. Not only is this action a non-core proceeding, it is unrelated to the bankruptcy proceeding. Therefore, this Court retains subject matter jurisdiction over the action.

■ As further grounds for dismissal, Nissman argues that the case should be dismissed because Prosser is judicially estopped from pursuing his claim. The doctrine of judicial estoppel is rooted in common law. It is well established that in the Virgin Islands, the common law is not applicable without first determining whether it is soundest rule for the Virgin Islands. *See Banks v. International Rental & Leasing Corp.*, 55 V.I. 967 (V.I. 2011). *See also Government of the Virgin Islands v. Connor*, 60 V.I. 597 (V.I. 2014) (When faced with questions of common law that lack precedent, the Superior Court must perform a three-part analysis).

■■ Here, Nissman failed to address whether or not the Virgin Islands recognizes the doctrine of judicial estoppel. In support of his arguments, Nissman ignored the Supreme Court's mandate by only citing to non binding authority and did not brief the issue in light of *Banks* and its progenies. It is the responsibility of the movant to properly brief all arguments before the court and cite the appropriate authority. *See Antilles School, Inc. v. Lembach*, 64 V.I. at 418 (concluding that the Superior Court correctly recognized that it is not bound to mechanically follow every precedent from the United States Supreme Court). Therefore, this argument is not properly before the Court.

■ ■ Next, Nissman argues that Prosser failed to exhaust his administrative remedies before commencing the action. Without any legal basis for his assertion, Nissman asserts that the PSC is "quasi-judicial agency" and Prosser should have attempted to seek redress or rehearing by the PSC through administrative channels. Also, Nissman failed to argue what specific administrative remedies preclude Prosser from filing this action. The Court acknowledges that plaintiff bears the burden of proving subject matter jurisdiction. However, the movant must properly brief its arguments in order for the nonmoving party to know what to

102

defend against. Because this argument was not properly briefed, the Court will reject this argument.[11]

## B. Nissman cannot prove that Prosser failed to join a necessary party

■ Last, the Court finds that Nissman failed to establish that there is a necessary party who is not a part of this action. This argument is merely a red herring. Not joining the PSC would not impede the Court from granting complete relief. Lack of joinder would not subject Nissman to additional liability. There are other mechanisms available to bring additional parties to the litigation. Ergo, Nissman cannot satisfy the requirements under Rule 19 for joinder of a necessary party.

### CONCLUSION

Based on the foregoing analysis, Nissman's Motion will be denied. The Court has subject matter jurisdiction over the matter. Nissman failed to establish that a necessary party was not joined. The Court will enter an Order consistent with this Memorandum Opinion.

---

[11] *Joseph v. Joseph*, 2015 V.I. LEXIS 43, at *5 (V.I. Super. Ct. Apr. 23, 2015) (explaining that the Court will not make a movant's arguments for him when he has failed to do so)). *See also Pate v. Gov't of the Virgin Islands*, 62 V.I. 271, 291 (V.I. Super. Ct. 2015); *see also V.I. Daily News v. PSC*, 45 V.I. 139, 146 (V.I. Terr. Ct. 2002) (finding attorney's failure to cite binding authority rendered it fatally deficient)).